**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TIMOTHY B. ABREU,

    Plaintiff,

v.                                                      No. CV 16-853 JCH/CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

    Defendant.

## **ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDING AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 21), filed August 3, 2017. The PFRD recommended that *Plaintiff's Brief in Support of Motion to Remand and Reverse* (the "Motion"), (Doc. 13), be granted and that this case be remanded to the Commissioner for further proceedings.

      The parties were notified that written objections to the PFRD were due within 14 days, and that failure to object would preclude appellate review. (Doc. 21 at 16). The Commissioner timely filed *Defendant's Objections to the Report and Recommendation of the United States Magistrate Judge* (the "Objections"), (Doc. 22), on August 16, 2017. Plaintiff did not file objections to the PFRD and did not file a response to the Commissioner's Objections, and the deadlines for doing so have passed. After a *de novo* review of the record and the PFRD, the Court adopts the Magistrate Judge's PFRD in its entirety.

## I. Background

Mr. Abreu filed applications for disability insurance benefits and supplemental security income on August 31, 2012, alleging disability beginning August 27, 2011. (Administrative Record "AR" 11). Mr. Abreu's applications were denied initially, and again upon reconsideration. *Id.* A request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. *Id.* at 23. Mr. Abreu then filed an application for review by the Appeals Council, which was denied. *Id.* at 1-3.

Subsequently, Mr. Abreu appealed the ALJ's decision to this Court. Mr. Abreu argues that the ALJ erred by failing to properly follow SSRs 96-8p and 96-7p in determining Mr. Abreu's RFC, and by failing to properly assess Mr. Abreu's credibility under SSR 96-7p. (Doc. 13 at 2-8). Specifically, Mr. Abreu contends that the ALJ failed to conduct a function-by-function assessment and failed to evaluate the intensity, persistence, and limiting effects of Mr. Abreu's pain, reduced range of motion of the cervical spine, and headaches on his ability to work. *Id.* at 4-6. Mr. Abreu further argues that the ALJ failed to provide reasons for the weight given to the opinions of Mr. Abreu's treating physician, Dr. Crawford, in violation of SSR 96-2p. *Id.* at 7. Finally, Mr. Abreu contends that the ALJ erred in his credibility assessment because he failed to consider Mr. Abreu's efforts to obtain pain relief and his strong work history. *Id.* at 7-8.

The Court referred this case to United States Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 19). The Magistrate Judge found that the ALJ erred by failing to properly address Mr. Abreu's

limitations in his range of motion and ability to reach, and by failing to properly weigh the medical opinions of Dr. Crawford, Dr. Whaley, and Dr. Davis. (Doc. 21).

**II.     Objections**

　　A.  *Law Relating to Objections*

Once a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Additionally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted).

In resolving objections to a magistrate judge's recommendations, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). In reviewing the recommendation, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

　　B.  *The Commissioner's Objections to the PFRD*

In the PFRD, the Magistrate Judge found that the ALJ failed to address evidence in the record that Mr. Abreu is limited in his range of motion and ability to reach, which is contrary to the requirements of SSR 96-8p. (Doc. 21 at 11-13). The Magistrate Judge also found that the ALJ erred by failing to properly consider the opinions of Dr.

3

Crawford, Dr. Whaley, and Dr. Davis. *Id.* at 14-16. Based on these errors, the Magistrate Judge recommended granting Mr. Abreu's Motion and remanding this case to the Commissioner for further proceedings. *Id.* at 16.

1. *Evidence of Mr. Abreu's Reaching Limitations*

The Commissioner's first objection is that the Magistrate Judge erred in addressing the issue of whether the ALJ properly considered evidence of Mr. Abreu's limitations in his ability to reach. The Commissioner states that "[t]he Magistrate Judge recommended remand primarily because she found that the ALJ did not account for Plaintiff's potential limitations on reaching." (Doc. 22 at 1). The Commissioner states that she did not specifically address the issue of Mr. Abreu's ability to reach in her response brief because Mr. Abreu did not raise it in his Motion and, instead, only "argued very generally that the ALJ did not account for his neck pain with reduced range of motion and headaches." *Id.* The Commissioner, therefore, contends that any argument regarding Mr. Abreu's ability to reach has been waived. *Id.* at 2. Alternatively, the Commissioner argues that the ALJ properly considered Mr. Abreu's ability to reach because the ALJ expressly considered evidence showing Mr. Abreu's reduced range of motion, the ALJ stated that he only gave some weight to the State Agency physicians' opinions that Mr. Abreu is limited in his ability to reach overhead, and the ALJ explained why he did not assess greater limitations in his RFC determination. *Id.* at 2-3.

In his Motion, Mr. Abreu contends that the ALJ failed to properly follow SSRs 96-8p and 96-7p in determining Mr. Abreu's RFC by failing to "evaluate the intensity, persistence, and limiting effects that [Mr. Abreu's] pain, reduced range of motion of the cervical spine, and headaches on his ability to perform sustained, full-time, work

4

activities." (Doc. 13 at 4). In the PFRD, the Magistrate Judge found that the ALJ adequately considered the intensity, persistence, and limiting effects of Mr. Abreu's pain and headaches on his capacity for work. (Doc. 21 at 10). However, the Magistrate Judge found that the ALJ failed to address evidence in the record that Mr. Abreu's reduced range of motion of the cervical spine and limited ability to reach affected his ability to work. *Id.* at 11. Because the ALJ did not address this evidence and did not explain why these limitations were not part of his RFC determination, the Magistrate Judge found that the ALJ failed to meet the requirements of SSR 96-8p. *Id.* at 11-13.

The Court first considers whether Mr. Abreu sufficiently raised the issue of the ALJ's consideration of evidence regarding his ability to reach. Mr. Abreu claimed that the ALJ failed to comply with SSR 96-8p, which requires an ALJ to base the RFC assessment on all of the relevant evidence in the record, to consider and address medical source opinions, and to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *5-7. In considering this claim, the Magistrate Judge noted that both State Agency consultants, Dr. Whaley and Dr. Davis, found that Mr. Abreu is limited in his ability to reach in any direction, including overhead, and recommended an RFC for light work with overhead reaching limitations. (Doc. 21 at 11) (citing AR 64, 75-76). The Magistrate Judge then found that the ALJ's failure to address Dr. Whaley's and Dr. Davis's findings of limitations in Mr. Abreu's ability to reach, and failure to account for these limitations in his RFC determination without explanation, constitute legal error. *Id.*

Courts may decline to consider arguments which are inadequately developed or presented superficially. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Murrell v. Shalala*, 43 F.3d 1388, 1389, n.2 (10th Cir. 1994) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citation omitted). Here, however, Mr. Abreu's claim that the ALJ failed to comply with SSR 96-8p encompasses the issue of whether the ALJ properly considered medical evidence regarding Mr. Abreu's reaching limitations. While Mr. Abreu did not specifically state that the ALJ erred in failing to consider evidence of his reaching limitations, the only medical opinion evidence relied on by the ALJ in making his RFC determination was that of Dr. Crawford regarding Mr. Abreu's range of motion limitations, and the opinions of the State Agency consultants regarding Mr. Abreu's reaching limitations. Therefore, the Court finds that this issue was adequately raised as part of Mr. Abreu's claim that the ALJ failed to comply with SSR 96-8p because he failed to evaluate all of the relevant medical evidence in the record.

In addition, the Magistrate Judge did not recommend remand primarily because she found that the ALJ did not account for Mr. Abreu's limitations on reaching. Instead, the Magistrate Judge's recommendation is also based on her finding that the ALJ failed to properly address evidence regarding Mr. Abreu's reduced range of motion. *See* (Doc. 21 at 13 and 16). Therefore, even if the issue of Mr. Abreu's ability to reach was waived for failure to brief it sufficiently, the Magistrate Judge's recommendations regarding Mr. Abreu's range of motion limitations are still before the Court as a basis for remand.

Next, the Commissioner objects to the Magistrate Judge's finding that the ALJ did not properly consider the medical evidence regarding Mr. Abreu's reaching limitations. The Commissioner contends that the ALJ adequately considered this evidence because he only gave "some weight" to the opinions of the State Agency consultants, and because the ALJ provided several reasons in his decision explaining why he did not assess greater limitations in his RFC. (Doc. 22 at 3). Despite these contentions, the ALJ did not note that the State Agency consultants found that Mr. Abreu is limited in his ability to reach, and did not explain why these limitations were not included in his RFC determination. While the ALJ stated that he "afforded some weight to the opinion of the State agency physicians, in that the claimant cannot work," (AR 16), the State Agency consultants did not opine that Mr. Abreu "cannot work," and the ALJ did not explain why he rejected these doctors' opinions regarding Mr. Abreu's reaching limitations. Therefore, the Court agrees that the ALJ failed to properly consider evidence of Mr. Abreu's reaching limitations. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (holding that "the absence of findings supported by specific weighing of the evidence" in the record leaves the Court unable to assess whether relevant evidence adequately supports the ALJ's conclusion, and that an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.").

### 2. The ALJ's Consideration of Medical Opinion Evidence

Next, the Commissioner objects to the Magistrate Judge's finding that the ALJ erred in failing to expressly weigh the opinions of Mr. Abreu's treating physician, Dr. Crawford. (Doc. 22 at 3-4). The Commissioner contends that the ALJ's failure to consider Dr. Crawford's opinions is harmless error because his opinions are consistent with the ALJ's RFC determination for sedentary work. *Id.*

Dr. Crawford opined numerous times that Mr. Abreu has a limited range of motion of the cervical spine. *See* (AR 249, July 7, 2011 treatment note; AR 250, August 16, 2011 treatment note; AR 253, September 20, 2011 treatment note; AR 258, October 18, 2011 treatment note; AR 260, September 11, 2012 treatment note; AR 319, February 19, 2013 treatment note; and AR 338, May 27, 2014 treatment note). The ALJ did not state what weight he gave Dr. Crawford's opinions, which the Magistrate Judge found to be legal error. (Doc. 21 at 14-15). The Magistrate Judge considered the Commissioner's contention that because Dr. Crawford opined that Mr. Abreu could perform light work, the ALJ's failure to weigh Dr. Crawford's opinions is harmless error. *Id.* at 14. The Magistrate Judge reasoned that, while Dr. Crawford stated in an October 18, 2011 treatment note that Mr. Abreu could "return to work with light duty restrictions and no working more than 8 hours a day," (AR 258), there is no indication that Dr. Crawford's reference to "work with light duty restrictions" was intended to encapsulate all of the requirements of the regulatory definition of the term "light work." (Doc. 21 at 14).

In her objections, the Commissioner contends that there is no evidence to support the Magistrate Judge's finding that Dr. Crawford may not have meant that Mr.

8

Abreu could perform "light work" as defined in agency regulations, and that "the ALJ could draw the reasonable inference that Dr. Crawford's opinion that Plaintiff could perform 'light duty' work was on its face consistent with his decision and there was no need to expressly weigh it." (Doc. 22 at 4). As Mr. Abreu's treating physician, Dr. Crawford's opinions are entitled to particularly deferential treatment. *See Royal v. Barnhart*, 366 F.3d 1078, 1092 (10th Cir. 2004) ("Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927."); *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) ("The treating physician's opinion is given particular weight because of his unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (explaining that treating physicians' opinions are generally given controlling weight, and that, because of the importance of the treating physician's opinion, a two-step sequential analysis is used). Moreover, the Tenth Circuit has held that, "[i]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart,* 288 F.3d 1248, 1252 (10th Cir. 2002). Finally, other courts have found error where an ALJ assumed that a doctor's reference to "light duty work" constituted an opinion that the claimant could perform "light work" within the meaning of the Social Security Act. *See* (Doc. 21 at 14-15) (citing

9

*Weeks v. Colvin*, No. 13-cv-01234-PAB, 2015 WL 1476694 at *4 (D. Colo. March 27, 2015) (unpublished) (finding the ALJ erred in assuming that a doctor's references to "light activities" and the "light category" constituted an opinion that the claimant was capable of performing "light work" within the meaning of the Social Security Act); *Wilson v. Astrue*, No. 09-2354-JAR-GBC, 2010 WL 1534191 at *4 (D. Kan. March 31, 2010) (unpublished) (rejecting the ALJ's finding that a doctor's opinion that the claimant could do "light duty work" indicated that the doctor thought that the claimant could do "light work" as it is defined in the Social Security Act)). For these reasons, the Court agrees that Dr. Crawford's reference to "work with light duty restrictions" does not necessarily mean he opined that Mr. Abreu could perform "light work" within the meaning of the Social Security Act and, therefore, does not render the ALJ's failure to consider his opinions harmless.

### III. Conclusion

For the reasons stated above, the Court will **ADOPT** the Magistrate Judge's recommendations in the PFRD. **IT IS THEREFORE ORDERED** that Mr. Abreu's *Plaintiff's Brief in Support of Motion to Remand and Reverse*, (Doc. 13), be **GRANTED**, and that this case be **REMANDED** to the Commissioner for further proceedings.

THE HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE