IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY B. ABREU,

   Plaintiff,

v.                  No. CV 16-853 JCH/CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

   Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Timothy B. Abreu's *Request for Attorney Fee Determination of Fees Pursuant to 42 USC 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 25), filed December 31, 2019; and Defendant Commissioner's *Response to Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 27), filed January 14, 2020. Mr. Abreu did not file a Reply in support of his Motion and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a) (explaining a "reply must be served within fourteen (14) calendar days after service of the response.").

In the Motion, Plaintiff's attorney, Aida Medina Adams, moves the Court for an order authorizing attorney fees in the amount of $9,187.25 for legal services rendered before the Court. (Doc. 25 at 2). In his Response, the Commissioner explained he "takes no position in this case but rather he defers to the Court's sound discretion as to the reasonableness of the award requested." (Doc. 27 at 1). Having reviewed the Motion, the relevant law, and being otherwise fully advised in the premises, the Court **RECOMMENDS** Plaintiff's Motion be **GRANTED IN PART**.

## I. Procedural Background

Plaintiff instituted an action in this Court on July 28, 2016, seeking judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income. (Doc. 2 at 1). On August 3, 2017, this Court recommended the presiding judge grant Plaintiff's request for relief, (Doc. 21), and the Court's recommendation was subsequently adopted, (Doc. 23). As a result, Plaintiff's applications were remanded to the Commissioner for further proceedings. (Doc. 24).

Upon remand, Defendant Commissioner determined Plaintiff was disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits in the amount of $79,839. (Doc. 26 at 15). Plaintiff's attorney never applied for, nor was she ever awarded, Equal Access to Justice Act ("EAJA") fees for her work performed before this Court. (Doc. 25 at 2). Rather, Plaintiff's attorney now seeks an award of $9,187.25, approximately 12 percent of the total past-due benefits awarded to Plaintiff. *Id.*

## II. Analysis

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately

determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit Court of Appeals, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that counsel's representation of Plaintiff was adequate, but her handling of the fee agreement was against the financial interests of

her client. Specifically, counsel did not apply for EAJA fees, which are awarded by the Commissioner to a prevailing party in a Social Security disability dispute. *See* 28 U.S.C. § 2412(d)(1)(B) (mandating that a party apply for EAJA fees within thirty days of final judgment). Instead, counsel only applied for § 406(b) fees, which are deducted from a claimant's total award of backpay benefits. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994) ("Fees under § 406(b) … are paid out of the plaintiff's social security benefits, while fees under the EAJA … are paid out of agency funds."). Counsel's decision to forego an application for EAJA fees therefore harms her client, because her fees will now be paid solely from her client's backpay award with no offset from fees that could have been recovered under EAJA. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) (explaining that when an attorney is awarded both EAJA fees and fees under § 406(b), the attorney must refund the amount of the smaller fee to the claimant). This tactical decision presents an "inherent conflict" within counsel's duty to represent the best interests of her client–notably, an individual who has been deemed legally disabled and is unable to work. *See* 4 Soc. Sec. Law & Prac. § 49:140 (Mar. 2009).

As a result, the Court recommends counsel's fee be reduced. This recommendation is supported by the representation counsel made to her client in the "Attorney Fee and Retainer Agreement," wherein she repeatedly cited the EAJA fee provision. (Doc. 26 at 19). In addition, counsel referred to EAJA fees numerous times in her current Motion before the Court, explaining that she understood the implications of filing for different fee awards. *See* (Doc. 25 at 2) ("Counsel understands that in the event that 406(b) fees are awarded […], counsel is required to refund the smaller amount to Plaintiff."). Moreover, counsel explained that she provides "private lessons for

4

New Mexico lawyers wishing to learn this area of the law," affirming that she understands the basic requirements for requesting EAJA fees before the District Court.

Simply put, if counsel would have applied for both EAJA fees and § 406(b) fees, she would have received the same overall fee award, but more money would have been kept in her client's pocket. *See Harlow v. Astrue*, 610 F.Supp. 2d 1032, 1034 (D. Ne. 2009) (citing 4 Soc. Sec. Law & Prac. § 49:140 (Mar. 2009)) ("[I]t is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so. A petition for attorney's fees under § 406(b) may be denied as unreasonable where the attorney has failed to file a prior application for fees under EAJA…."). As such, counsel's strategic decision, or lack thereof, cuts against the "reasonableness" of her fee award because she harmed the financial interests of her client. *Kocan v. Colvin*, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016) (unpublished) ("Because § 406(b) fee awards are offset by attorneys' fees awarded under the [] EAJA, an EAJA fee award 'effectively increases the portion of past-due benefits the successful Social Security claimant may pocket.'").

Notwithstanding counsel's decision to forego an EAJA fee award, her representation before the District Court was otherwise adequate. First, counsel obtained a fully favorable decision for Plaintiff upon remand. Next, the instant motion was filed within three months of Plaintiff receiving notice that he was entitled to past-due benefits, an amount of time the Court finds to be reasonable. *See* (Doc. 26 at 12). Moreover, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b). The requested fee is also not disproportionately large in comparison to the amount of time spent on the case, particularly given counsel's

experience working on Social Security cases. (Doc. 25 at 2). Specifically, counsel documented 46.75 total hours in representing Plaintiff before this Court, at an hourly fee of $192 to $197. (Doc. 26 at 23). Considering counsel's experience and reputation as a Social Security expert, and given that the amount requested is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the amount requested is reasonable. *See, e.g.*, *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour).

In sum, the Court has considered counsel's failure to apply for EAJA fees in conjunction with her otherwise competent representation of Plaintiff and the reasonableness of the award she now requests. *See Kocan*, 2016 WL 888828, at *2 (citing *Harlow*, 610 F.Supp. 2d at 1034) (explaining that "Courts have routinely reviewed attorneys' efforts (or lack thereof) to collect an EAJA fee award in analyzing a later § 406(b) fee request."). In light of the above analysis, the Court finds counsel should not be entitled to the full $9,187.25 award. Instead, the Court recommends an award of half that amount, $4,594, as more reasonable considering the circumstances.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Court **RECOMMENDS** Plaintiff's *Request for Attorney Fee Determination of Fees Pursuant to 42 USC 406(B) and Supporting Memorandum*, (Doc. 25), be **GRANTED IN PART**. The Court further

**RECOMMENDS** that the Social Security Administration be directed to pay counsel $4,594 from Plaintiff's backpay award for legal services performed before this Court.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE